**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

SEP - 2 2009

**Clerk, U.S. District and Bankruptcy Courts**

JEFFREY M. YOUNG-BEY, #307-062
14100 McMullen Highway, S.W.
Cumberland, MD 21502,
        Plaintiff

    v.

WENDELL C. ROBINSON
4308 Georgia Avenue N.W.
Washington, D.C. 20011
        Defendant
(Defendant is being sued in
his individual + professional capacity)

Case: 1:09-cv-01669
Assigned To : Unassigned
Assign. Date : 9/2/2009
Description: Pro se Gen. Civil

CASE NO. _____

Suit For Compensatory +
Punitive Damages in the amount
of $7.5 Million Dollars for:

FRAUD + DECEIT;
Intentional Misrepresentation;
Negligent Misrepresentation;
Invasion of Privacy/False Light;
Breach of Fiduciary Duty; and
Breach of Contract; and,
Interference

**JURY ACTION**

## COMPLAINT FOR DAMAGES & JURY TRIAL DEMAND

### Jurisdiction

1. The jurisdiction of this court is founded upon "Diversity of Citizenship" under Title 28, United States Code, Section 1332 and such supplemental jurisdiction as provided under Title 28, United States Code, Section 1367.

**RECEIVED**

AUG 2 4 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

## PARTIES INVOLVED

2. The plaintiff, JEFFREY M. YOUNG-BEY, is incarcerated at the North Branch Correctional Institution in Cumberland, Maryland; and, is a citizen of the State of Maryland; and,

3. The defendant, WENDELL C. ROBINSON, is an attorney-at-law practicing in and maintaining an office and residence in the District of Columbia. Accordingly, the defendant is a registered "D.C. Voter;" and, a citizen of the District of Columbia.

## STATEMENT OF FACTS

4. In 2007, the defendant (ROBINSON) became employed as the attorney for a defendant, in an unrelated case, in which the plaintiff (YOUNG-BEY) was suing before the Superior Court of the District of Columbia.

5. During the course of ~~this~~ defendant's representation, the defendant communicated with the plaintiff (in various ways) and, inter alia, made numerous promises to the plaintiff concerning when the defendant would provide answers to plaintiff's interrogatories, etc. addressed to defendant's client.

6. Meanwhile, the defendant, continuously, requested and received discovery materials from the plaintiff (whenever and as requested) And, defendant requested and received the plaintiff's permission to view the Videotaped "Last Will" of an interested party to the matter before the "Superior Court."

7. On that date, ~~May 26, 2009~~ April March, the defendant (ROBINSON), also, told the plaintiff that he had already sent two (2) "large packages" of discovery by mail addressed to the plaintiff. No less, the defendant promised that he would send another response to the ~~de~~ plaintiff, immediately. [1]

8. On or about June 26, 2009, the defendant advised the open Superior Court that the plaintiff had, previously, lied to the court about plaintiff being scheduled for a postconviction hearing (based on plaintiff's claim of ineffective assistance of plaintiff's trial counsel before a Maryland Circuit Court).

9. Specifically, the defendant told the court that No hearing for the plaintiff was ever scheduled in any Maryland Court for June 9, 2009; and, further, defendant told the court that there was no one at the court Named, Judge Daniels.

---

1. This incident occurred on May 27, 2009. Defendant, also, told the court that defendant would appear at plaintiff's postconviction trial.

10. And, at all times relevant, the defendant has violated his duty owed to the plaintiff by willfully, wantonly and negligently: a) bearing false witness against the plaintiff; b) defending frivolous issues in bad faith; c) unreasonably delaying litigation to prejudice the plaintiff; d) falsifying facts and law; e) failing to disclose material facts to aide defendant's client commit and conceal fraudulent acts; f) failing to disclose legal authority adverse to his client's position, not disclosed by plaintiff as opposing counsel; g) misrepresenting material facts knowingly; h) obstructing the plaintiff's access to evidence; i) counseling and assisting defendant's client to, also, obstruct the plaintiff's access to evidence and real property; j) knowingly disobeying his obligations to follow court rules; k) failing to make reasonably diligent efforts to comply with the plaintiff's discovery requests; l) engaging in conduct intended to disrupt litigation before a court of law; m) making statements and implying to plaintiff to mislead plaintiff from the truth; n) employing means to embarrass, delay and burden the plaintiff's litigation in violation of plaintiff's rights; and, o) contriving and placing the plaintiff in a false light before the public, etc.

11. As such, the defendant's conduct crossed the line between legal and illegal advocacy, as an attorney-at-law representing an employer/client; and, violated the code of professional conduct for lawyers practicing in the District of Columbia. For these reasons, the plaintiff alleges, TO WIT:

FIRST CAUSE OF ACTION
( Invasion of Privacy (False Light)

12. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 11, above, as though stated in full herein;

13. Defendants published and made defamatory matters and statements that placed the plaintiff before the public in a false light;

14. Defendants false light statements and matters would be highly offensive to a reasonable person;

15. Defendant had knowledge of and acted in reckless disregard as to the falsity of the statements and published matters made and the false light in which the plaintiff would be placed by the defendant's statements; and,

16. Plaintiff suffered damages in the amount of $7.5 Million, U.S. Currency, as a direct and proximate cause of the defendants' acts, errors and omissions. WHEREFORE, the plaintiff seeks compensatory and punitive damages against the defendants, jointly and severally, in the amount aforesaid, including attorneys fees and costs.

SECOND CAUSE OF ACTION
(Gross Negligence)

17. Plaintiff re-alleges and incorporated by reference the allegations in paragraphs 1 through 20, above, as though stated in full herein;

18. Defendant owed the plaintiff a duty to exercise ordinary and due care in Not harming the plaintiff;

19. Defendant breached his duty owed to the plaintiff;

20. Defendant acted willfully, wantonly and with reckless disregard for the plaintiff's humanity and rights; and,

21. Plaintiff suffered damages in the amount of $7.5 Million, U.S. Currency, as a direct and proximate cause of the defendant's acts, errors and omissions. WHEREFORE, plaintiff seeks compensatory and punitive damages, in the amount aforesaid, including attorneys fees and costs.

THIRD CAUSE OF ACTION
(Negligence)

22. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 11, above, as though stated in full herein;

23. Defendant owed the plaintiff to exercise ordinary and due care in not harming the plaintiff;

24. Defendant breached their duty owed to the plaintiff; and,

25. Plaintiff suffered damages in the amount $7.5 Million Dollars, U.S. Currency, as a direct and proximate cause of the defendant's acts, errors and omissions. WHEREFORE, plaintiff seeks compensatory and punitive damages, in the amount aforesaid, including attorneys fees and costs.

(Note: A trial attorney may not advocate for a client in a way that violates a lawyers "Code of Ethics," under local law, any more than an ordinary person may avoid liability for failing to exercise ordinary and due care in not harming another).

FOURTH CAUSE OF ACTION
(Malicious Interference)

26. Plaintiff's realleges and incorporates by reference the allegations in paragraphs 1 through 11, above, as though stated in full herein;

27. Defendant owed the plaintiff a duty to not interfere with the plaintiff's economic advantages, contracts, business relations, civil rights and choses in action with third parties;

28. Defendant unlawfully and wrongfully breached their duty owed to the plaintiff;

29. Defendant acted knowingly, willfully and wantonly with deliberate indifference and reckless disregard for the plaintiff's humanity and rights; and,

30. Plaintiff suffered damages in the amount $7.5 Million, U.S. Currency, as a direct and proximate cause of the defendant's acts, errors and omissions. WHEREFORE, the plaintiff seeks compensatory and punitive damages against the defendant, in the amount aforesaid, including attorneys fees and costs.

FIFTH CAUSE OF ACTION
(Negligent Interference)

31. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 11, above, as though stated in full herein;

32. Defendants owed the plaintiff a duty to not interfere with the plaintiff's economic advantages, contracts, business relations, civil rights and choses in action with third parties;

33. Defendant breached their duty owed to the plaintiff; and,

34. Plaintiff suffered damages in the amount of $7.5 Million, U.S. Currency, as a direct and proximate cause of the defendant's acts, errors and omissions. WHEREFORE; the plaintiff seeks compensatory and punitive damages against the defendant, jointly and severally, in the amount aforesaid, including attorneys fees and costs.

SIXTH CAUSE OF ACTION
(Fraud + Deceit)

35. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 11, above, as though stated in full herein;

36. Defendant made false statements to the plaintiff in reference to, but not limited to, the following material facts: a) that defendant would provide answers to plaintiff's discovery requests; b) that defendant had provided to plaintiff answers to discovery requested; c) that prison authorities refused to permit the defendant to send legal mail to the plaintiff; and, d) that defendant's client would and was preserving the "status quo" to protect the plaintiff's rights and property interests;

37. Defendant made such statements with knowledge of their falsity; Defendant intended to deceive the plaintiff; and,

38. Plaintiff relied on the defendant's misrepresentations to the plaintiff's detriment and suffered damages in the amount of $7.5 Million Dollars, U.S. Currency, as a direct and proximate cause of the defendant's acts, errors and omissions. WHEREFORE, plaintiff seeks compensatory and punitive damages against the defendant, in the amount aforesaid, including attorneys fees and costs.

SEVENTH CAUSE OF ACTION
(Breach of Fiduciary Duty)

39. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 11, above, as though stated in full therein;

40. Defendant owed the plaintiff a fiduciary duty in defendant's professional and personal role and relationship with the plaintiff;

41. Defendant breached his fiduciary duty of ordinary, reasonable care, trust, good will and fair dealing that owed to the plaintiff;

42. Defendant acted maliciously, intentionally and wantonly; and,

43. Plaintiff suffered damages in the amount $7.5 Million, U.S. Currency, as a direct and proximate cause of the defendants acts, errors and omissions. WHEREFORE, the plaintiff seeks compensatory and punitive damages, in the amount aforestated, against the defendant, including attorneys fees and costs.

EIGHTH CAUSE OF ACTION
(Legal/Professional Malpractice)

44. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 11, above, as though stated in full herein;

45. Defendant was employed as an opposing counsel, against the plaintiff, had a special relationship with the plaintiff and owed the plaintiff a duty to adhere to the rules of legal and professional advocacy in accordance with the rules of civil litigation, etc.;

46. Defendant breached his duty owed to plaintiff; and,

47. Plaintiff suffered damages in the amount of $7.5 Million Dollars, U.S. Currency, as a direct and proximate cause of the defendant's acts, errors and omissions. WHEREFORE, the plaintiff seeks compensatory and punitive damages against the defendant, in the amount aforesaid, including attorneys fees and costs.

NINTH CAUSE OF ACTION
(Constructive Fraud)

48. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 11, above, as though stated in full herein;

49. Defendant had a special relationship with the plaintiff and made material false statements to the plaintiff, publicly and privately, as described in paragraph(s) 36, above;

50. Defendant owed and breached a legal duty and ethical responsibility owed to the plaintiff to act in good faith and fair dealing; and,

51. Plaintiff justifiably relied on the defendant's false representations # of the defendant to the plaintiff's detriment; and, plaintiff suffered damages in the amount of $7.5 Million Dollars, U.S. Currency, as a direct and proximate cause of the defendant's acts, errors and omissions. WHEREFORE, the plaintiff seeks compensatory and punitive damages, in the aforestated amount, against the defendant; including attorneys fees and costs.

TENTH CAUSE OF ACTION
(Breach of Contract)

52. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 11, above, as though stated in full herein;

53. Defendant was engaged in a contractual relationship with the plaintiff;

54. Defendant owed the plaintiff a duty to perform the contract, promises and inducements made;

~~Dfee~~ 55. Defendant breached his contract with plaintiff; and,

56. Plaintiff suffered damages in the amount of $7.5 Million Dollars, U.S. Currency, as a proximate and direct cause of the defendant's acts, errors and omissions. WHEREFORE, Plaintiff seeks compensatory and punitive damages, in the aforestated amount, against the defendant, including attorneys fees and costs.

ELEVENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

57. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 11, above, as though stated in full herein;

58. Defendant cause the plaintiff to suffer severe emotional distress;

59. Defendant's conduct was extreme and outrageous;

60. Defendant's conduct was intentional, malicious, and wanton; and,

61. Plaintiff suffered damages in an amount of $7.5 Million Dollars, U.S. Currency, as a direct and proximate cause of the defendant's acts, errors and omissions. WHEREFORE, plaintiff seeks compensatory and punitive damages against the defendant, in the amount afore-stated, including attorneys fees and costs.

TWELVTH CAUSE OF ACTION
(Negligent Mis-representation)

62. Plaintiff realleges and incorporates by reference the
allegations in paragraphs 1 through 11, above, as though
stated in full therein;

63. Defendant owed the plaintiff a legal and equitable
duty of care and truthfulness;

64. Defendant intended that his statements, acts, errors
and omissions be acted upon by the plaintiff;

65. Defendant breached his duty of care and truthfulness;
Knew that plaintiff would probably rely on defendents mis-
representations, which if erroneous would cause plaintiff
loss or injury;

66. Plaintiff justifiably took acts and omissions in reliance
of the defendents statements and suffered damages in the
amount $7.5 Million Dollars, U.S. Currency, including attorney
fees and costs.

## FOURTEENTH CAUSE OF ACTION
### (Intentional Mis-representation)

67. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 11, above, as though stated in full herein;

68. Defendant made false statements to the plaintiff;

69. Defendant knew of the falsity and made false statements with reckless indifference as to their truthfulness;

70. Defendant's statements were made for the purpose of defrauding the plaintiff;

71. Plaintiff relied on the defendant's misrepresentations and had a right to rely on them; but, suffered damages in the amount of $7.5 Million Dollars, U.S. Currency, as a direct and proximate cause of defendant's misrepresentations. WHEREFORE, plaintiff seeks compensatory and punitive damages against the defendant, in the amount aforesaid, including attorneys fees and costs.

FIFTEENTH CAUSE OF ACTION
(Breach of Implied Warranty)

72. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 11, above, as though stated in full herein;

73. Defendant implicitly warranted that he would deal with the plaintiff fairly, in good faith, lawfully and according to the rules governing lawyer professional responsibility under the laws of the District of Columbia; ~~and~~.

74. Defendant breached his duty owed to plaintiff; and,

75. Plaintiff suffered damages in the amount of $7.5 Million Dollars, U.S. Currency, as a direct and proximate cause of defendants acts, errors and omissions. WHEREFORE, plaintiff seeks compensatory and punitive damages, in the amount aforestated, against the defendant, including attorney fees and costs.

## JURY TRIAL DEMAND

76. For these reasons, the plaintiff demands a trial by jury on all issues so triable.

## RELIEF SOUGHT

77. Plaintiff seeks a judgment against the defendant in the amount stated hereinabove, along with all other appropriate relief and attorney fees and costs.

## ACKNOWLDGMENT

I do, hereby, declare under penalty of perjury as provided by Title 28, United States Code, Section 1746 that the foregoing is a just and true statement of facts and of the amount owing by the defendant to the plaintiff, exclusive of all set-offs and just grounds of defense.

EXECUTED in the State of Maryland on this 14th day of August 2009 by the undersigned plaintiff.

Jeffrey M. Young-Bey #307-062
Affiant

MRE 5 0 5008