UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
SEP -2 2009
Clerk, U.S. District and
Bankruptcy Courts

Jeffrey M. Young-Bey, )
 )
    Plaintiff, )
 )
v. ) Civil Action No. **09 1669**
 )
Wendell C. Robinson, )
 )
    Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's complaint upon a determination that the complaint, among other grounds, is frivolous, malicious or fails to state a claim upon which relief can be granted).

Plaintiff is a prisoner in Cumberland, Maryland. In this diversity action, plaintiff sues a District of Columbia attorney for acts taken as counsel for a defendant plaintiff had sued in the Superior Court of the District of Columbia. Plaintiff alleges that defendant violated "his duty owed to the plaintiff by willfully . . . bearing false witness against the plaintiff . . . defending frivolous issues in bad faith . . . unreasonably delaying litigation to prejudice the plaintiff. . . failing to disclose material facts" and committing or omitting various other acts during the litigation. Compl. at 4. Plaintiff seeks $7.5 million.

Plaintiff's claims predicated on a duty of care that opposing counsel in his civil lawsuit owed him is simply frivolous. Because the complaint stems from alleged statements made or

actions taken by defendant as counsel in the litigation, defendant is shielded from this lawsuit by the judicial proceedings privilege. *See Messina v. Krakower*, 439 F.3d 755, 760 (D.C. Cir. 2006) ("An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding.") (quoting Restatement (Second) Of Torts § 586 (1977) (Restatement)). The Court therefore finds that the complaint fails to state a claim upon which relief can be granted. A separate Order of dismissal accompanies this Memorandum Opinion.

/s/ Colleen Kollar-Kotelly
United States District Judge

Date: August 26, 2009